UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dennis William Merritt,<br><br>　　　　　Plaintiff,<br><br>　-vs-<br><br>Officer Austin Yancy, Officer Adam Gossen, and Sgt. Cristie Jacobsen,<br><br>　　　　　Defendants. | Case No. 3:20-cv-00012<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DEADLINE TO SERVE RULE 26(a)(1) INITIAL DISCLOSURES** |

## **INTRODUCTION**

[¶1]　The Defendants, Officer Austin Yancy, Officer Adam Gossen, and Sergeant Cristie Jacobsen (the "Police Defendants") in the above-entitled case, by and through their undersigned counsel, hereby provide this brief in support of their Motion to Extend Deadline to Serve Rule 26(a)(1) Initial Disclosures. As will be further outlined below, good cause exists for an extension of this deadline.

[¶2]　On February 4, 2020 Plaintiff commenced this cause of action against the Police Defendants by filing a complaint, dated January 17, 2020, with this Court. ECF 6. The undersigned filed a notice of appearance on March 25, 2020. ECF 17.

[¶3]　On May 8, 2020, this Court entered an Order for Rule 26(f) Planning Meeting and For Rule 16(b) Scheduling Conference, and Order Regarding Discovery Disputes that required the parties to confer in person or by telephone at least 21 days prior to the scheduling conference to discuss the items outlined by the Order. ECF 34. On May 14, 2020, the Police Defendants sent a letter to Plaintiff that included a copy of the Order for a scheduling conference with a draft discovery plan for Plaintiff to review. ECF 37, p. 10. On June 1, 2020, after receiving no response from Plaintiff, a follow up letter was sent with instructions to call-in for the June 16, 2020 scheduling conference.

ECF 37, p. 2.  Following the scheduling conference, the Court issued an order that set July 15, 2020 as the deadline for the parties to serve Rule 26(a)(1) initial disclosures.  ECF 39, p. 1.

[¶4]   After Plaintiff failed to appear at the scheduling conference, this Court issued an Order to Show Cause "why this case should not be dismissed for failure to prosecute," which noted that "[i]f the Clerk obtains a current address for Merritt and he does not respond to this order to show cause by July 17, 2020, indicating he wishes to proceed with this action, this court will recommend that the case be dismissed."  ECF 42, p. 2.

## LAW AND ARGUMENT

[¶5]   Pursuant to Rule 16(b) Federal Rule of Civil Procedure, a court "must issue a scheduling order" that may "be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(1), (4).  The Eighth Circuit has explained the Rule 16(b) "good cause" standard as follows:

> "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006) . . . While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.

Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir.2008).  Almost 100 years ago, the United States Supreme Court recognized "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

[¶6]   Recognizing these standards, the requisite good cause exists to extend the deadline to serve Rule 26(a)(1) initial disclosures.  At present, the Plaintiff's address is unknown by both the Court

and counsel for the Police Defendants, notwithstanding, Plaintiff's signature on a document that states "I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." ECF 3, p. 12.  The current deadline to file initial disclosures is July 15, 2020, which is two days before Plaintiff's deadline to respond to the Order to Show Cause.  See ECF 39, 42.  Without a valid address on file with the Court, and with the possibility Plaintiff's case will be dismissed for a failure to prosecute, it would be an exercise of futility to require the Police Defendants to serve initial disclosures on an invalid address for Plaintiff only to have it returned.  See ECF 37.

## CONCLUSION

[¶7]   For the foregoing reasons, the Police Defendants request the Court extend the deadline to serve initial disclosures, or stay these proceedings, until after the Court rules on the Order to Show Cause.

[¶8]   **DATED** this 24th day of June, 2020.

        **PEARSON CHRISTENSEN, PLLP**

        /s/ Joseph E. Quinn
        **DANIEL L. GAUSTAD** (ND ID# 05282)
        **JOSEPH E. QUINN** (ND ID# 06538)
        24 North 4th Street - P.O. Box 5758
        Grand Forks, ND  58206-5758
        (701) 775-0521 FAX (701) 775-0524
        dan@grandforkslaw.com
        jquinn@grandforkslaw.com
        Attorneys for Officer Austin Yancy, Officer Adam Gossen, and Sgt. Cristie Jacobsen

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, the following documents:

- **MOTION TO EXTEND DEADLINE TO SERVE RULE 26(a)(1) INITIAL DISCLOSURES; and**
- **MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DEADLINE TO SERVE RULE 26(a)(1) INITIAL DISCLOSURES.**

was filed electronically with the Clerk of Court through ECF and I further certify that a copy of the foregoing document will be mailed by first class mail, postage paid to the following non-ECF participants:

Dennis W. Merritt
510 4th St. S.
Fargo, ND 58103

**DATED** this 24th day of June, 2020.

**PEARSON CHRISTENSEN, PLLP**

/s/ Joseph E. Quinn
**DANIEL L. GAUSTAD** (ND ID# 05282)
**JOSEPH E. QUINN** (ND ID# 06538)
24 North 4th Street - P.O. Box 5758
Grand Forks, ND  58206-5758
(701) 775-0521 FAX (701) 775-0524
dan@grandforkslaw.com
jquinn@grandforkslaw.com
Attorneys for Defendants Officer Austin Yancy, Officer Adam Gossen, and Sgt. Cristie Jacobsen